Return Date: October 30, 2018
Time: 11:00am

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In Re:                                                  Chapter 11

Roslyn Sefardic Center Corp.                            Case No.: 18-70785

        Debtor.

---------------------------------------------------------X

## L&L ASSOCIATES HOLDING CORP OPPOSITION TO DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE PURSUANT TO BANRUPTCY CODE 350(B) AND LOCAL RULE 5010-1

The Honorable Louis A. Scarcella
United States Bankruptcy Judge

    1.    L&L Associates Holding Corp by and through its attorneys Berger, Fischoff, Shumer, Wexler, Goodman, LLP respectfully submits this as and for its opposition to the Debtor's Motion to Reopen Bankruptcy Case pursuant to Bankruptcy Code Section 350(B) and Bankruptcy Rule 5010-1 and represents as follows:

    2.    L&L Associates Holding Corp is a secured creditor by virtue of its holding real estate tax lien certificates regarding the property known as 1 Potters Lane Roslyn, New York as well as a Judgment of Foreclosure and Sale dated January 9, 2012 in the amount of $263,613.52 plus interest and additional cost and fees.

    3.    On October 4, 2018 the Court held an emergency hearing on the Debtor's motion to reconsider the Court's dismissal of the case. After holding a hearing on the motion, the Court found that the same factual and legal issues mandating dismissal on the original hearing date of August 21, 2018 still existed and denied the motion to reconsider.

    4.    On October 5, 2018 an order dismissing the case was entered.

5.   On October 9, 2018 the Debtor filed the current motion to reopen the case. Simply stated the case is not closed so the motion which asks for the case to be reopened as its form of relief must be denied. Remarkably the application in support of this motion is almost identical to the application submitted in support of the October 5 motion, except that the date has changed. Eighteen of the thirty-six paragraphs of the new motion are repeats from the previous motion. Of the additional eighteen paragraphs, sis of the additional paragraphs argue to reopen the not yet closed case.

6.   Additionally, if the Court wants to generously consider the motion as a Rule 60(b) motion to vacate a judgment, as it so generously did on the October 5 motion to reargue, it still has to be denied.

7.   Indeed, the Court on October 5, 2018 hearing extensively set out the elements of a Rule 60(b) motion. The court found that the Debtor had not satisfied those elements. The Court conducted and discussed on the record, a detailed analysis but it appears that the Debtor was not listening carefully. Because the instant motion, if it is to be viewed as a Rule 60(b) motion does not set forth an argument that aligns with the elements of the motion to vacate a prior order. The Debtor continues to rehash its dissatisfaction with the amount owed while not addressing the specific elements of Rule 60(b) that would justify the vacating of the order of dismissal.

8.   At the October 5, 2018 hearing the Court invited the Debtor to layout the facts that would meet a Rule 60(b) threshold. Rule 60(b) as made applicable by Bankruptcy Rule 9024, states as follows:

> *GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment order, or proceeding for the following reasons:*
>   *1. mistake, inadvertence, surprise, or excusable neglect;*

> *2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);*
> *3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;*
> *4. the judgment is void;*
> *5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable; or*
> *6. any other reason that justifies relief*

9. Despite the Court's invitation, the Debtor was unable to set forth a factual or legal basis to provide the Court with a predicate to vacate the Order of dismissal.

10. The Debtor's new motion does not address any of the grounds set forth in the first five enumerated provisions of Rule 60(b). The Debtor did not even make an effort to craft a new argument and relies on essentially the same wording as in the failed prior motion. As stated, it just rehashes all of the same argument that it has argued over years pending bankruptcy proceedings that it is unhappy with L&L's calculations.

11. The final enumerated provision of Rule 60(b) is the catch all provision. For relief under the catch all of Rule 60(b)(6) the Debtor is required to "demonstrate the existence of extraordinary circumstances that justify relief and that no grounds under Rule 60(b)(1)-(5) exist." *Livecchi v. Gordon*, No. 11–02027, 2014 Bankr.LEXIS 4993, at *14–15 (Bankr.W.D.N.Y. Dec. 11, 2014) (emphasis added); 12 Moore's Federal Practice §§ 60.48[1], 60.48[3][a] (Matthew Bender 3d ed.). The rule is "properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *Laws v. Croft*, No. 05–CV–6402CJS, 2009 U.S. Dist. LEXIS 7647, at *3 (W.D.N.Y. Jan. 29, 2009) (Siragusa, J.) (citing *Deweerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir.1994)); see also *In re BDC 56 LLC*, 330 F.3d 111, 116, 123 (2d Cir.2003) (citing the "extraordinary circumstances" standard).

12. The Debtor has failed to allege any extraordinary circumstances requiring relief under Rule 60(b)(6). In fact, "In the vast majority of the cases finding that extraordinary circumstances do exist so as to justify relief, the movant is completely without fault for [the] predicament; that is, the movant was almost unable to take any steps that would have prevented the judgment from which relief is sought." 12 Moore's Federal Practice §§ 60.48[3][b] (Matthew Bender 3d ed.). It cannot be said that the Debtor is without fault in the present matter.

13. The appropriate forum for the issue would be the Supreme Court presiding over the foreclosure proceeding.

14. For all of the foregoing reasons it is respectfully requested that the Court deny the Debtor's motion in its entirety.

Dated: October 25, 2018
Syosset, New York

_____
Gary C. Fischoff
Berger, Fischoff, Shumer, Wexler, Goodman, LLP
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791